# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MORRIS SPEIGHT-BEY,

        *Petitioner*,

    v.

LENNARD JOHNSON,
Warden, et al.

        *Respondents*.

Civil Action No. 1:19-cv-03084 (CJN)

## MEMORANDUM OPINION

Morris Speight-Bey, a federal prisoner proceeding *pro se*, petitioned for a writ of habeas corpus on October 10, 2019. *See generally* Pet. for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 ("Pet."), ECF No. 1. He alleges that he has been detained past his scheduled release date of August 23, 2019, and demands to be released from prison and awarded substantial damages. *See id.* at 7. Pending before the Court are Speight-Bey's Motion for Default Judgment, ECF No. 16, and Motion for Summary Judgment, ECF No. 20. For the reasons explained below, the Court denies both of Speight-Bey's Motions and his Petition.

## I.    Background

### A.    Speight-Bey's Criminal History

Speight-Bey is a frequent filer in this Court. He was first incarcerated in 1991, receiving a fifteen-year sentence on a conviction for "burglary, unauthorized use of a vehicle, and destruction of property." *Speight v. Fulwood*, 778 F. Supp. 2d 99, 100 (D.D.C. 2011). He later escaped from prison and was sentenced to an additional 27 months for that offense. *Id.* He was released on parole in 1997. *Id.* His parole was revoked and then reinstated in 1999. *Id.* Convicted of another crime in 2002, he served an additional three years in prison and was placed on supervised release

1

(all while remaining on parole for his first offense). *Id.* at 101. After Speight-Bey repeatedly failed to comply with the conditions of his supervised release and parole, the United States Parole Commission revoked his parole in 2007 and released him again in 2008. *Id.* That same process occurred again late in 2008 and once more in 2010. *Id.*

Speight filed his first habeas petition in 2010 while detained awaiting yet another parole revocation hearing. He alleged that his original fifteen-year sentence, imposed in 1991, had long expired by 2010, and that he was therefore being unlawfully detained past his release date. *Id.* Judge Bates denied that petition, noting that under District of Columbia law then in force, "'[i]f the order of parole shall be revoked . . . , [t]he time a prisoner was on parole shall not be taken into account to diminish that time for which he was sentenced.'" *Id.* at 102 (quoting D.C. Code § 24-406(a)) (citing *U.S. Parole Comm'n v. Noble*, 693 A.2d 1084, 1094–1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc)) (other citations omitted). In other words, Speight-Bey's many stints on parole, which were later revoked, tolled the completion of his sentence.

In 2012, the Parole Commission released Speight-Bey to a halfway house. *Speight v. Johnston*, 969 F. Supp. 2d 10, 11 (D.D.C. 2013). One month before his expected release date back into the community, Speight-Bey escaped from the halfway house and was apprehended approximately six weeks later. *Id.* at 12. Following a disciplinary hearing, the Parole Commission "opted to reopen and retard [Speight-Bey's] presumptive parole date of December 27, 2012 for violating the rules . . . and scheduled a parole rescission hearing for April 22, 2013." *Id.* (internal quotations omitted). At that hearing, the Commission officially rescinded Speight-Bey's parole and delayed his presumptive parole date until February 10, 2014. *Id.* Speight-Bey challenged those actions in a second habeas petition, which Judge Jackson denied. *Id.* at 12–13.

Within months of his release on parole in 2014, Speight-Bey was once again arrested and convicted of attempted burglary.  *See United States v. Speight*, No. 2014 CF3 012838 (D.C. Super. Ct. Dec. 30, 2014).  That court sentenced him to 42 months in prison and 36 months of supervised released.  *Id.*  Because Speight-Bey was on parole when he committed that crime, however, he was not released at the end of his sentence.  In 2017, the Parole Commission revoked Speight-Bey's parole and returned him to prison on the same fifteen-year sentence he had been serving since 1991.  *See* U.S. Parole Comm'n Revocation Notice of Jan. 18, 2018 at 1, ECF No. 20-2.  It adjusted his presumptive parole date to August 21, 2019.  *Id.*

## B.      Facts Underlying This Petition

Speight-Bey was released to a halfway house on July 24, 2019—the same home from which he had escaped in 2012.  *See* Community Corrections Apprehension Report, ECF No. 13-1 at 4.  He escaped yet again on August 22 and disappeared.  *Id.*  Police apprehended him on September 5 and returned him to the D.C. Jail.  *Id.*  The Parole Commission shifted Speight-Bey's presumptive release date by about a month, from August 21 until September 20, 2019.  *Id.* Following a hearing, the Commission once again revoked Speight-Bey's parole and adjusted his presumptive parole date by more than a year, to December 15, 2020.  *See* Notice of Release and Arrival, ECF No. 13-1 at 7.

## C.      Procedural History

Speight-Bey filed this Petition on October 10, 2019.  *See generally* Pet.  Although his allegations are difficult to make out, he seems to allege first that the Parole Commission's latest revocation of his parole violated due process because he did not receive notice and was not given an opportunity for a hearing.  Pet. at 2 (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)).  He also alleges that the Commission violated its own regulations governing the conduct of revocation

3

hearings by adjusting his presumptive release date from August to September 2019, and then again to December 2020. *Id.* at 4 (citing 28 C.F.R. Part 2, Subpart C).

Pursuant to 28 U.S.C. § 2243, the Court issued an order to Respondent Lennard Johnson, the D.C. Jail's warden, directing him to show cause, "[within seven days of service,] why the Writ of Habeas Corpus should not issue." *See* Show-Cause Order, ECF No. 6.  U.S. Marshals served the Petition and the Court's Show-Cause Order on December 26, 2019.  ECF No. 10.  Warden Johnson timely responded on December 30, explaining the factual background and the Parole Commission's reasons for revoking Speight-Bey's parole and requesting that the Court deny the Petition. *See generally* Resp't.'s Resp. to Pet. for Habeas Corpus, ECF No. 13.  After Warden Johnson had timely responded but likely before Speight-Bey received a copy of that response in the mail, Speight-Bey moved for a default judgment, once again demanding immediate release and one million dollars in damages. *See generally* Pet'r's Mot. for Default J., ECF No. 16.

Four days later, Speight-Bey appealed to the Court of Appeals, apparently challenging Warden Johnson's failure to respond to the Court's Show-Cause Order (without taking into account the delay in service) and the Court's failure to grant the Petition with the speed Speight-Bey thought appropriate. *See* Pet'r's Notice of Appeal, ECF No. 17.  While the matter was on appeal, Speight-Bey filed a Motion for Summary Judgment. *See generally* Pet'r's Mot. for Summ. J., ECF No. 20.  The Court refrained from taking any further action because it likely lacked jurisdiction pending the appeal's outcome. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *but see Gilda Indus., Inc. v. United States*, 511 F.3d 1348 (Fed. Cir. 2008) ("To the contrary, where the deficiency in the notice of the appeal, by reason of . . . reference to a non-appealable order[] is clear to the district court, it *may* disregard the purported notice of appeal and

proceed with the case, knowing that it has not been deprived of jurisdiction." (emphasis added) (internal quotation omitted)).

The Court of Appeals dismissed Speight-Bey's appeal on June 25, 2020, holding that it lacked appellate jurisdiction because this Court's Show-Cause Order was not a final appealable order.  *See* Order, *Speight-Bey v. Johnson*, No. 20-5021 (D.C. Cir. Jun. 25, 2020).  The mandate issued on August 19, 2020.  *See generally* Mandate of USCA, ECF No. 25.

## II.     Discussion

### A.  Motion for Default Judgment

The Court first turns to Speight-Bey's Motion for Default Judgment, which he filed *after* Warden Johnson had timely responded to the Court's Show-Cause Order.  To be sure, it took a few months for the Marshals to serve the Court's Order, but that delay cannot be attributed to Warden Johnson, who received the Order on December 26, 2019, and filed his Response four days later—well within the seven days the Court had prescribed.  *See* Show-Cause Order; Respt's Resp. There is no basis for entering a default against Johnson.

### B.  Petition for a Writ of Habeas Corpus

The facts underlying this case are nearly identical to those of Speight-Bey's last appearance in front of Judge Jackson nearly seven years ago.  There, Judge Jackson explained that

> "The jurisdiction of the Commission over a parolee shall expire on the date of expiration of the maximum term or terms for which he was sentenced."  28 C.F.R. § 2.92(a).    Where, as here, the Commission set a presumptive parole date, a prisoner's "actual release on parole on that date shall be conditioned upon . . . maintaining a good conduct record in the institution or prerelease program to which the [petitioner] has been assigned."  *Id.* § 2.86(a). "The Commission may reconsider any grant of parole prior to the prisoner's actual release on parole, and may advance or retard a parole effective date or rescind a parole date previously granted based upon the receipt of any new and significant information concerning the prisoner, including disciplinary infractions."  *Id.* § 2.86(b).   It also "may   retard   a   parole   date   for   disciplinary

infractions (*e.g.,* to permit the use of graduated sanctions) for up to 120 days without a hearing." *Id.*   And "[i]f a parole effective date is rescinded for disciplinary infractions, an appropriate sanction shall be determined by reference to § 2.36." *Id.* § 2.86(c).  Sanctions for escape include incarceration for eight to 16 months, *id.* § 2.36(a)(2)(i), "added to the time required by the original presumptive or effective date." *Id.* § 2.36(a).

*Speight*, 969 F. Supp. 2d at 12.  Judge Jackson also explained the standard procedure for revoking

or delaying parole when an inmate has escaped:

Escape is among the greatest . . . prohibited acts.  *See* Program Statement 5270.09, *Inmate Discipline Program* (7/8/2011) [at] 44 (Table 1).  "If an inmate escapes or is otherwise absent, the [disciplinary hearing officer ("DHO") ] conducts a hearing in the inmate's absence at the institution in which the inmate was last confined." *Id.*[ at] 29.  Upon the escaped prisoner's return to custody "following an absence during which sanctions were imposed by the DHO, the Warden has the charges reheard before the DHO, ordinarily within 60 days after the inmate's arrival at the institution to which he[ ] is designated after return to custody, following an appearance before the [Unit Discipline Committee] at that institution." *Id.*

*Speight*, 969 F. Supp. 2d at 13.

Here, as there, Speight-Bey entered a prerelease program approximately one month before

his presumptive release date.  *See* Community Corrections Apprehension Report.  Speight-Bey

escaped from that program, so the Commission unilaterally adjusted his presumptive release date

to September 20, 2019, to permit further action under 28 C.F.R. §2.86(b).  While Speight-Bey was

on the loose, a Hearing Officer conducted a hearing in Speight-Bey's absence, found him guilty,

and imposed an additional prison term of fifteen months.  *See* U.S. Parole Comm's Notice of

Action of Oct. 1, 2019 at 1, ECF No. 13-1 at 5.

The D.C. Jail was responsible for "schedul[ing] a Rescission Hearing upon [Speight-Bey's]

return to a federal institution and receipt of an in-person Disciplinary Infraction report," *id.*, within

sixty days of Speight-Bey's arrival at the Jail on October 2, 2019, *see* Notice of Release and

Arrival.  The Parole Commission scheduled such a hearing but apparently did not complete it because Speight-Bey was transferred from the D.C. Jail to a Federal Correctional Institution in West Virginia before the hearing could occur.  *See* Resp.'s Notice at 1–2, ECF No. 26.

The Parole Commission's apparent failure to conduct a hearing, however, does not mean that Speight-Bey must be released.  The most this Court can do is to issue a writ of mandamus compelling the Parole Commission to conduct such a hearing, not order Speight-Bey to be released from jail.  *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) ("the appropriate remedy . . . is a writ of mandamus to compel the Commission's compliance with the [regulation] not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence") (emphasis removed).  Nor can the Court award Speight-Bey money damages, which are not available on a petition for habeas corpus and, even if the Court were to construe the Petition as a § 1983 claim against D.C. officials or a *Bivens* claim against the Parole Commissioners, would not be "cognizable absent official invalidation of the challenged detention, which has not occurred."  *Jones v. Wainwright*, 744 F. Supp. 2d 341, 344 (D.D.C. 2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

The Parole Commission has already agreed to conduct a new rescission hearing in the next two weeks, so mandamus is unnecessary.  *See* Resp.'s Notice at 2; *see also Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (noting that mandamus is appropriate only if "the party seeking issuance of the writ [has] no other adequate means to attain the relief he desires"). The Court will, however, retain jurisdiction over this matter until it is satisfied that a rescission hearing has occurred but will deny Speight-Bey's Petition.

### C.    Motion for Summary Judgment

Speight-Bey can obtain summary judgment if he "shows that there is no genuine dispute as to any material fact and that [he] is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  Speight-Bey has the burden of demonstrating, based on the record, the absence of genuine disputes of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  For the reasons explained above, regardless of whether there is any genuine fact dispute, the record does not show that Speight-Bey "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In fact, the record shows the opposite:  Speight-Bey's Petition lacks merit and must be dismissed.  Speight-Bey cannot obtain summary judgment.

### III.    Conclusion

Although the dates are different, the similarities between the facts of this case and Speight-Bey's 2013 habeas petition are uncanny.  Both involve a revocation of parole for Speight-Bey's 1991 conviction, both involve an escape from the same halfway house shortly before he was set to be released into the community, and both resulted in extensions of his prison sentence.  Because Speight-Bey has repeatedly escaped from detention and violated the conditions of his parole, he remains incarcerated under a fifteen-year sentence imposed upon him nearly thirty years ago.  The Commission seems to have acted within the scope of its authority by imposing additional sanctions on Speight-Bey for his repeated attempts to escape from custody, so the Court must deny the Petition and the accompanying Motions.  An Order will be issued contemporaneously with this Memorandum Opinion.

DATE:  March 26, 2021

CARL J. NICHOLS
United States District Judge